COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-195-CR

 

 

PAUL ROBERT LOTH                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

                FROM COUNTY
COURT AT LAW OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Paul Robert Loth of
DWICsecond
offense.  The trial court sentenced him
to twelve months= confinement in Hood County
Jail, probated for twenty-four months, and a $1,000 fine.  In his sole point, Appellant challenges the
legal and factual sufficiency of the evidence to support his guilt.  Because we hold that the evidence is both
legally and factually sufficient, we affirm the trial court=s
judgment.

On April 5, 2006, Texas Highway Patrol Sergeant
Birt F. Wilkerson stopped Appellant for driving over a white stripe and for not
coming to a complete stop at a stop sign. 
Appellant stopped quickly after Wilkerson activated his lights, pulling
into the parking lot of a church where he was picking up his daughter from
school.  Wilkerson could smell alcohol
coming from the inside of Appellant=s
vehicle.  When Wilkerson asked Loth if he
had been drinking, Loth told him that he had. 
Wilkerson testified that Appellant had said that he had had Aa couple@;
Appellant testified that he had told Wilkerson that he had had a beer with the
noon meal and also testified that that had been a couple of hours before the
stop.  Wilkerson noticed that Appellant=s speech
was Aa little
bit@
slurred.  After performing a horizontal
gaze nystagmus (AHGN@) test
on Appellant, Wilkerson, who is in a supervisory position and does not make
arrests, called Trooper Bradshaw to arrest Appellant for DWI.








After Bradshaw arrived, Wilkerson found what he
believed to be marijuana on the ground near the door of Appellant=s
truck.  Wilkerson also found a
prescription bottle for hydrocodone in the truck.  Appellant testified that he had a
prescription for a combination of hydrocodone and oxycodone and that he had
been taking the medication for eighteen months as part of pain management
treatment.

Bradshaw drove Appellant to Lake Granbury Medical
Center for a blood test.  The test
determined that Appellant had .08 milligrams of oxycodone per liter of blood
and less than .01 grams of alcohol per 100 milliliters of blood.

Appellant was charged by information with DWICsecond
offense and possession of less than two ounces of marijuana.  A jury found him guilty of the DWI offense
but acquitted him on the possession charge. 
He appeals from his DWI conviction and sentence.

Appellant argues that the evidence is legally and
factually insufficient to support his conviction, focusing on the alleged use
of HGN alone to determine intoxication and the evidence of the level of
medication in his blood without accompanying scientific evidence to establish
that such level would impair the normal use of either his physical or mental
abilities.  Appellant argues that HGN is
only scientifically reliable with regard to alcohol intoxication, that his
slurred speech is the only other evidence supporting the conclusion that he
lacked normal use of either his physical or mental faculties, that his alcohol
level was minuscule, and that his alcohol and oxycodone levels were not proven
to be at an established level to scientifically conclude that he had lost the
normal use of his physical or mental faculties.








Appellant points out that the Kansas Supreme
Court has recognized,

Nystagmus can be caused
by problems in an individual=s inner ear labyrinth.  In fact, irrigating the ears with warm or
cold water . . . is a source of error. 
Physiological problems such as certain kinds of diseases may also result
in gaze nystagmus.  Influenza,
streptococcus infections, vertigo, measles, syphilis, arteriosclerosis,  muscular dystrophy, multiple sclerosis,
Korsakoff=s Syndrome, brain
hemorrhage, epilepsy, and other psychogenic disorders all have been shown to
cause nystagmus.  Furthermore, conditions
such as hypertension, motion sickness, sunstroke, eye strain, eye muscle
fatigue, glaucoma, and changes in atmospheric pressure may result in gaze
nystagmus.  The consumption of common
substances such as caffeine, nicotine, or aspirin also lead[s] to nystagmus
almost identical to that caused by alcohol consumption.[2]

 

Nevertheless, the Texas Court of Criminal Appeals
has accepted the HGN theory as sufficiently reliable to allow judicial notice
of the reliability of both the theory underlying the HGN test and its
technique.[3]  Further, Appellant=s
argument that the officer=s testimony regarding HGN is
reliable only as it relates to alcohol intoxication has no support in the
record.








Regarding Appellant=s
alcohol concentration, while it is true that the blood test revealed an alcohol
concentration of less than .01, our review of the record reveals no suggestion
by the State that this level of alcohol by itself is sufficient to satisfy the
legal requirement of intoxication, either per se or by not having the normal
use of mental or physical faculties.

Instead, the State also offered evidence through
Negin Kulman, a forensic scientist from the Texas Department of Public Safety
Crime Lab in Austin.  She admitted that
she was not a physician, had done no studies regarding how the drug oxycodone
would affect a particular person, and had seen no evidence or studies to
suggest a scientific standard for presence of oxycodone.  She also agreed that oxycodone, although
similar in some respect in the way it affects the human body, is a completely
different substance from alcohol.  But she
also testified that Appellant=s blood
contained two to four times the therapeutic level prescribed for oxycodone and
that, as a depressant, when oxycodone is consumed with alcohol, another
depressant, the drowsiness, dizziness, and depressant effects on the central
nervous system would be increased. 
Appellant does not direct us to any portion of the record where he
objected to her qualifications to testify.








While Appellant testified that at the time the
officer pulled him over, he was not at all impaired, the jury also viewed a
videotape of Appellant at the scene of his arrest.  Kulman=s
testimony concerning the presence of oxycodone and the effect on the central
nervous system, combined with the videotape, provides sufficient evidence to support
the jury=s
conclusion that as a result of the ingestion of oxycodone, either alone or in
conjunction with alcohol, Appellant did not have the normal use of his mental
or physical faculties. 

Consequently, applying the appropriate standards
of review,[4]
we hold that the evidence is both legally and factually sufficient to support
the jury=s
verdict.  We overrule Appellant's sole
point and affirm the trial court=s judgment.  

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:  CAYCE, C.J.; DAUPHINOT
and GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 13, 2008











[1]See Tex. R. App. P. 47.4.





[2]State v. Witte,
251 Kan. 313, 836 P.2d 1110, 1120 (1992).





[3]Emerson v. State, 880 S.W.2d 759, 769 (Tex. Crim. App.), cert. denied, 513 U.S.
931 (1994).





[4]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing legal
sufficiency standard of review); Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (all
providing factual sufficiency standard of review).